**Roderick L. KING, Appellant,**

**v.**

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 92–709.

United States Court of Veterans Appeals.

April 20, 1993.

Roderick L. King, pro se.

James A. Endicott, Jr., Gen. Counsel, Norman G. Cooper, Acting Asst. Gen., Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Carolyn F. Washington, Washington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Associate Judges.

NEBEKER, Chief Judge:

Appellant, Roderick L. King, appeals from a March 11, 1992, Board of Veterans' Appeals (BVA or Board) decision which denied service connection for a mental condition, a foot disorder, a respiratory disorder, and an eye disability. The BVA treated the claims relating to the mental condition and the foot disorder as well grounded,

but ruled against appellant, finding that these conditions were not incurred during, nor aggravated by, active duty for training. As to the respiratory disorder and the eye disability, the BVA concluded that appellant had not submitted well-grounded claims. The Court orders the Secretary of Veterans Affairs (Secretary) to supplement the record on appeal because, in its present state, it is inadequate to permit review.

## Factual Background

Appellant was discharged from the Michigan Army National Guard as unfit for military service in 1983. The record reveals that he served for less than 90 days, from January 5, 1983, to March 3, 1983, while on active duty for training. It appears that, six years later, appellant's claims for a number of conditions were considered by the Department of Veterans Affairs (VA) Regional Office (RO) and the BVA for service connection. Other than a cursory reference to a claimed "mental problem" on his VA Form 21–526 (Veteran's Application for Compensation or Pension), R. at 13, the record on appeal contains no documentation of these claims. The first BVA decision, dated June 6, 1991, listed the conditions for which Mr. King was seeking service connection. They are the four conditions listed above. (The date stamp on the decision is not legible, except for the month, R. at 80, but the supplemental statement of the case notes that the date of the decision was June 6, 1991. R. at 96.) That decision remanded the case for evidentiary development concerning Michigan Army National Guard medical records. The remand produced National Guard records and medical records reflecting appellant's commitment to a Michigan state mental health facility.

Upon remand, the RO, after concluding that the medical records did not reflect that any of the conditions had developed during service, again denied service connection for the four conditions. On appeal from the remand decision, the BVA, in a March 11, 1992, decision, once again listed the same four conditions as the bases for the requested service connection. It concluded that the mental condition and the foot dis-

order were not incurred during, nor aggravated by, active duty for training. However, as to the respiratory disorder and the eye disability, the BVA, for the first time, concluded that appellant had not submitted well-grounded claims.

## Analysis

This appeal presents an all-too-frequent dilemma confronting the Court, respecting the way in which the record on appeal is designated and compiled from the larger official "C" file maintained by the Secretary. As is discussed below, it is apparent that the BVA's conclusion concerning the mental condition may be supported by the record on appeal, such as it is. As to the BVA's conclusions concerning the foot disorder, the respiratory disorder, and the eye disability, the Court is confounded by the fact that nothing appears in the record to show the genesis of the claims for the conditions. Presumably, if Mr. King's claims relating to those conditions were informally added after the application form was filed, a formal amended form pursuant to 38 U.S.C.A. § 5101(a), was also filed:

A specific claim *in the form prescribed by the Secretary* (or jointly with the Secretary of Health and Human Services, as prescribed by section 5105 of this title) must be filed in order for benefits to be paid or furnished to any individual under the laws administered by the Secretary.

38 U.S.C.A. § 5101(a) (West 1991) (emphasis added). *See also* 38 C.F.R. § 3.155 (1992). No such form and no notation setting forth "informal" claims appears in the record. What is apparent, however, is that the RO proceeded on the thesis that all the claims were originally well grounded.

But this appeal takes an even more difficult twist. The Secretary has moved for summary affirmance. His motion addresses the four asserted conditions for which appellant seeks service connection. As to the two conditions (the nervous disorder and the foot disorder) which the BVA adjudicatively denied, the Secretary argues that the service medical records are negative for complaints or treatment during active duty for training and the current conditions cannot therefore be attributed or related to

service. This argument may be well founded as to the nervous disorder, but in light of the necessity to have the record on appeal supplemented, discussed *infra*, we will defer ruling on the denial of service connection for the claimed nervous disorder.

The BVA's treatment of the foot condition and its holding of "non-well groundedness" as to respiratory and eye conditions is another matter. The Secretary, in his motion, advances the same argument concerning non-well-grounded claims as that advanced for the two adjudicated claims. He states, "The finding by the [BVA] was correct in light of the fact that the medical evidence of record fails to show [Mr. King] ever was, or is now, suffering from these disabilities. The record is completely devoid of any evidence that would substantiate such a claim." Why the same argument—absence of records of complaints or treatment—supports both (1) a merits decision as to two claims and (2) a conclusion that two others were not well grounded is left unexplained. Motion at 3–4.

■ The statutory requirement of well-groundedness (38 U.S.C.A. § 5107(a) (West 1991)) performs the function of the requirement of showing entitlement to relief under Fed.R.Civ.P. 8(a)(2). There is a difference, however, in what establishes entitlement to relief. Under Fed.R.Civ.P. 8(a) and Fed. R.Civ.P. 12(b)(6) entitlement to relief is a question of law and all well-pleaded ultimate facts are assumed to be true for purposes of the question. *Radovich v. National Football League*, 352 U.S. 445, 77 S.Ct. 390, 1 L.Ed.2d 456 (1957). Under section 5107(a), a claimant "shall have the burden of submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded." In turn, we have defined that term as requiring that the evidence supporting the claim be "plausible," that is, that the claim be "one which is meritorious on its own or capable of substantiation." *Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990).

■ As with Fed.R.Civ.P. 8 and 12, *supra*, the supporting evidence must be presumed true for purposes of determining well-groundedness. As the Court in *Murphy, supra*, observed, the evidence may be in the form of records in the control of the government. Of course, the verity of government records is presumed, but if the claimant makes evidentiary assertions on or accompanying the Veteran's Application for Compensation and Pension (VA Form 21–526), *see Murphy*, 1 Vet.App. at 82, those evidentiary assertions must also be accepted as true for the purpose of determining whether the claim is well grounded. Exceptions to this rule occur when the evidentiary assertion is inherently incredible or when the fact asserted is beyond the competence of the person making the assertion. *Espiritu v. Derwinski*, 2 Vet.App. 492 (1992); *Tirpak v. Derwinski*, 2 Vet. App. 609 (1992).

■ In order for this Court to review a BVA decision whether or not a claim is well grounded, the record on appeal must contain the VA Form 21–526 or its equivalent and the government records or other evidentiary assertions, if any, which reveal that the claim is or is not one for which relief can be granted.

The only claim for compensation in this record is one stamped "received" on July 25, 1989. R. at 12–13. The claim appears to be in appellant's handwriting. As to the basis for the claim, box 24 has the notation "mental problem—aggravant [sic] [aggravated] on active duty in February 83." The genesis of the claims for respiratory and eye conditions, as well as the foot disorder, is not apparent in the record. These issues are first noted in the rating decision of September 27, 1990. R. at 45–46. That decision simply noted that "[s]ervice records do not demonstrate any of the claimed conditions as having its [sic] inception during the veteran's short period of active duty for training purposes in conjunction with Michigan Army National Guard.... The record is entirely negative for a respiratory condition and eye condition." The rating decision of November 11, 1990, confirmed the denial of the claim relating to the mental condition but made no mention of the other three asserted conditions. R. at 69.

■ It was not until the BVA's decision on review here that the issue of well-groundedness was broached and decided. The BVA itself used the absence of service records to deny the merits of the nervous condition and foot disorder claims and then, without explanation, used the same predicate to conclude that the asserted respiratory and eye claims were not well grounded. Given the state of the record, it is impossible to review for error the decision that certain of appellant's claims are well grounded and others are not well grounded. We do not know what evidence might have been submitted to support the asserted claims. The rating board inferentially viewed them as well grounded, and as with the other asserted conditions, noted the absence of records. Thus, the void in the record renders a judicial review of the BVA's decision impossible.

> If the administrative action is to be tested by the basis upon which it purports to rest, that basis must be set forth with such clarity as to be understandable. It will not do for a court to be compelled to guess at the theory underlying the agency's action; nor can a court be expected to chisel that which must be precise from what the agency has left vague and indecisive.

*Gilbert v. Derwinski*, 1 Vet.App. 49, 56 (1990) (quoting *SEC v. Chenery (Chenery II)*, 332 U.S. 194, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947)).

Finally, there is a tangential situation raised by this appeal which compels further comment. This Court's review is limited to the records "before the Secretary and the Board." 38 U.S.C.A. § 7252(b) (West 1991). Since the Court began operations in 1989, the Secretary, as custodian of the records of veterans' claims, has been charged with the duty of initially designating the record on appeal. *See* U.S. Vet. App. R. 10. This is consistent with the situation presented by judicial review of any administrative decision where the administrator must supply from official files the documents required for review.

At the outset, it is imperative that a distinction be drawn between the record on appeal and a veteran's claims or "C" file; the larger "C" file can contain a plethora of documents having nothing to do with the claim or claims on review. Those documents, being irrelevant, are not necessary to a resolution of the claim on appeal and are not proper for designation for inclusion in the record on appeal. An increasing number of records on appeal have contained irrelevant, duplicative, unintelligible, and, in at least one case, extraneous privacy-sensitive material. It is also true that highly relevant documents to which the BVA makes explicit reference in its decision are sometimes inexplicably missing from the record. Indeed, in a recent memorandum decision, Associate Judge Ivers wrote as follows:

> While the Court's rules provide both parties an opportunity to participate in the designation of the record, it is to the Secretary that we must look for an adequate record in the first instance. *See* U.S. Vet.App. R. 10. The missing documents and the nearly unintelligible transcript of the February 1990 hearing are serious deficiencies. The parties to this case and the Court are not well served by the inadequate record presented here, and the Secretary and his counsel must bear responsibility for the record's inadequacies.

*Ennis v. Brown*, 4 Vet.App. 438 (1993).

It has become all too clear that a major contributor to the inadequate records on appeal filed in this Court is the fact that, since 1989, the Office of General Counsel and the Chairman of the BVA have been at loggerheads over how to and who should, on behalf of the Secretary, designate the documents to be included in the record on appeal. In a February 16, 1993, response to a single judge order in *Genous v. Brown*, U.S. Vet.App. No. 91–1433 (Notice of Appeal filed August 20, 1991), the Secretary has documented this impasse by observing that "until the present, the function of designating and transmitting the record on appeal has, *by 'default'* fallen upon the VA [Office of General Counsel]." Resp. of Appellee at 3–4 [hereinafter referred to as *Genous* Resp.] (emphasis added). However, the Secretary then opined

that "the ministerial function of obtaining and verifying the accuracy and completeness of the administrative record on appeal should rest with ... the BVA." *Genous* Resp. at 4. The Secretary concluded by suggesting that the Court resolve the internal disagreement either "[b]y ordering the BVA directly to carry out this function" or by retaining jurisdiction on a case-by-case basis and remanding "to the BVA for a determination as to the completeness of the administrative record." *Genous* Resp. at 5.

We think neither suggestion is appropriate or practical. This festering problem is systemic, one not capable of a case-by-case solution through remand. Moreover, the process of designating the record on appeal requires more than merely ministerial actions: legal judgments must be made as well. The designation process must not be viewed as an undisciplined dumping of documents from the "C" file as if the record on appeal were a bin into which the Secretary pours documents which he guesses have been, or believes should have been, considered by the Board. The integrity of judicial review in this Court depends on the quality and completeness of the record on appeal. Quality and completeness, in turn, depend on the identification of all of the material of record which was "before the Secretary and the Board" *and* which is relevant to the issue(s) on appeal. An informed designation of the record on appeal requires the exercise of disciplined reflection and attention to detail by those familiar with the material considered by the BVA as well as by those schooled in the legal concepts of relevancy and materiality. When viewed in this light, the problem is seen clearly as a management one which must be addressed and resolved systemically within the organization of the Department of Veterans Affairs. Consistent with notions of comity and the doctrine of separation of powers, the responsibility for resolving the problem rests with the Secretary, not this Court. We trust, that, without the Court's asking for a report on his solution to this problem, he will promptly take the necessary action.

**Conclusion**

Because of the inadequate record on appeal in this case, those portions of the March 11, 1992, BVA decision which found that the claims of service connection for a respiratory disorder and an eye disability were not well grounded, as well as that portion which denied service connection for a foot disorder, cannot presently be reviewed. It is therefore ORDERED that the Secretary supplement the record on appeal within 30 days after entry of this Order and Opinion.