Raymond C. MARTIN, Appellant,

v.

Hershel W. GOBER, Acting Secretary of Veterans Affairs, Appellee.

No. 96–361.

United States Court of Veterans Appeals.

Sept. 2, 1997.

Cindy B. Smith, Truckee, CA, for Appellant.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; R. Randall Campbell, Deputy Assistant General Counsel; and Michael P. Butler, Washington, DC, were on the pleadings for Appellee.

Before NEBEKER, Chief Judge, and HOLDAWAY and IVERS, Judges.

HOLDAWAY, Judge.

The appellant, Raymond C. Martin, appeals a January 26, 1996, decision of the Board of Veterans' Appeals (Board) which denied the appellant's claim for service connection for peptic ulcer disease on the basis that the claim was not well grounded. For the following reasons, the Court will affirm the decision of the Board.

### I. FACTS

The appellant, a pilot in the Air Force, served on active duty from June 1956 to July 1986. The service medical records do not disclose either a diagnosis of or treatment for peptic ulcer disease. However, during December 1977 and January 1978, the appellant did receive radiation therapy as part of his treatment for Hodgkin's disease. The clinical record contains a consultation sheet which outlined the proposed treatment and included the following: "INFORMED CON-SENT EXPLANATION: The risks and benefits of radiation were explained to the patient including the almost certainty of sterility. In addition, the unlikely possibility of bowel damage, stomach problems, damage to his kidneys were explained." Shortly after the procedure the appellant did develop some sort of gastro-intestinal problem which was controlled with medication. The clinical notes in connection with that treatment do not identify the problem as an ulcer. In any event, no further problems were experienced during the appellant's term of service. No stomach or bowel problems were identified in the flight physicals he took each year until his retirement, nor were any such problems identified in his retirement physical in 1986. In 1989, he was diagnosed, for the first time, with a peptic ulcer. That diagnosis did not opine as to whether the ulcer was a consequence of the radiation treatment. The appellant believes his ulcer to be a consequence of the radiation treatment.

### II. ANALYSIS

Under 38 U.S.C. § 5107(a), a claimant has the initial burden of showing that his claim is well grounded. *See Grottveit v. Brown,* 5 Vet.App. 91, 92 (1993). A well-grounded claim is "a plausible claim, one which is meritorious on its own or capable of substantiation." *Murphy v. Derwinski,* 1 Vet.App. 78, 81. Whether a claim is well grounded is a question of law which the Court reviews de novo. *See King v. Brown,* 5 Vet.App. 19 (1993). This Court has long held, with certain exceptions not applicable to this kind of case, that a claim for a disability cannot be well grounded unless there is a medical opinion that links the current disability to the appellant's term of service. *See, e.g., Caluza v. Brown,* 7 Vet.App. 498 (1995). In the usual case this "nexus" would consist of a medical diagnosis of a current disability that "looks backward" to an in-service disease or injury and links the two. This case is unique in that the appellant attempts to make the necessary link by using the informed consent language and thus "look forward" from that document to postulate that the present ulcer is, perhaps, a product of the radiation treatment received some 12

years prior to the first medical diagnosis of the ulcer. There is no reason that a prediction of a possible future disability could not well ground a claim in the same way a diagnosis expressing an opinion as to the remote cause of a present disability can. In either case whether such an opinion or prediction would be sufficient depends entirely on the specificity, the relative certainty expressed, and the context. In this connection, it must be noted that the appellant's argument is not helped by the vague and speculative nature of the prediction contained in the informed consent explanation. The kinds of medical problems to be anticipated are not stated with any specificity nor is there any mention of the duration (whether transient or permanent), of whatever disability might occur. Finally, there is a total absence of a time frame within which such "unlikely" complications might be expected. The Judges of this Court are not doctors and cannot opine as to whether an ulcer appearing, apparently for the first time, 12 years after the event could possibly be the kind of condition alluded to in the informed consent. However, the Court can, and must, focus on the relative certainty, or uncertainty, of the prediction in determining the question of well-groundedness. In this case, the doctor predicted that there was an "unlikely possibility" of bowel damage or stomach problems. Unlikely is defined by the dictionary as "improbable." If this was the usual case of "looking backward" from a present diagnosis to the in-service period, and it was opined by a doctor that the link was unlikely or improbable, there is no doubt that this Court would find the claim not well grounded. In *Tirpak v. Derwinski*, 2 Vet. App. 609 (1992), the Court found a medical diagnosis expressed in "may or may not" terms to be insufficient to well ground a claim. It hardly need be stated that a medical prediction phrased in terms of the unlikelihood of an event occurring is much weaker than a prediction that would say an event may or may not occur. The appellant relies on the case of *Watai v. Brown*, 9 Vet.App. 441 (1996); it does not help him. In fact, when the facts of *Watai* are examined, it undercuts his argument. In *Watai*, the Court found a medical opinion sufficient to well ground the claim when the opinion, although speculative, was expressed in terms of "very well might have." The prediction in this case, transposed to the language of a diagnosis, could be termed "there very likely was not" a nexus. If a diagnosis "looking backward" would be found wanting because it was phrased in terms of the unlikelihood of a nexus, it follows that a prediction "looking forward" expressed in the same terms must also be found wanting.

For these reasons, the decision of the Board that the appellant's claim for service connection of peptic ulcer disease is not well grounded is AFFIRMED.