Citation Nr: 1340182 
Decision Date: 12/05/13 Archive Date: 12/20/13

DOCKET NO. 13-16 277 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUE

Whether new and material evidence has been submitted to reopen the claim for entitlement to service connection for tinnitus, and if so, whether the reopened claim should be granted.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

A. Adamson, Counsel





INTRODUCTION

The Veteran served on active duty from February 1971 to January 1974. 

This case comes before the Board of Veterans' Appeals (Board) on appeal of a September 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri. 

The record before the Board consists of the Veteran's paper claims file and an electronic file known as Virtual VA.

The issue of entitlement to service connection for stroke residuals, including as secondary to service-connected anxiety disorder, was raised by the Veteran in an October 2010 statement, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 

The issue of entitlement to service connection for tinnitus is addressed in the REMAND that follows the ORDER section of this decision.


FINDINGS OF FACT

1. A June 2005 rating decision denied the claim of entitlement to service connection for tinnitus; the Veteran did not appeal the decision or submit any pertinent evidence within the appeal period. 

2. Evidence received subsequent to the expiration of the appeal period includes evidence that is not cumulative or redundant of the evidence previously of record and relates to an unestablished fact necessary to substantiate the claim for service connection for tinnitus. 



CONCLUSION OF LAW

New and material evidence has been presented to reopen a claim of entitlement to service connection for tinnitus. 38 U.S.C.A. § 5108 (West 2002); 38 C.F.R. § 3.156 (2013). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Legal Criteria

Generally, a claim that has been denied in an unappealed RO decision may not thereafter be reopened and allowed. 38 U.S.C.A. § 7105(c) (West 2002). The exception to this rule is 38 U.S.C.A. § 5108, which provides that if new and material evidence is presented or secured with respect to a claim that has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim. Moreover, new and material evidence received prior to the expiration of the appeal period, or prior to the appellate decision if a timely appeal has been filed, will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period. 38 C.F.R. § 3.156(b).

New evidence is defined as existing evidence not previously submitted to agency decisionmakers. Material evidence means evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence previously of record, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). 

The U.S. Court of Appeals for Veterans Claims (Court) recently interpreted the language of 38 C.F.R. § 3.156(a) as creating a low threshold, and viewed the phrase "raises a reasonable possibility of substantiating the claim" as "enabling rather than precluding reopening." The Court emphasized that the regulation is designed to be consistent with 38 C.F.R. § 3.159(c)(4), which "does not require new and material evidence as to each previously unproven element of a claim." Shade v. Shinseki, 24 Vet. App. 110 (2010). 

For the purpose of establishing whether new and material evidence has been submitted, the credibility of evidence is presumed unless the evidence is inherently incredible or consists of statements that are beyond the competence of the person or persons making them. See Justus v. Principi, 3 Vet. App. 510, 513 (1992); Meyer v. Brown, 9 Vet. App. 425, 429 (1996); King v. Brown, 5 Vet. App. 19, 21 (1993). 

Analysis

The RO initially denied service connection for tinnitus in June 2005. The Veteran was notified of the denial by a letter dated that same month. He did not appeal the denial or submit any additional pertinent evidence within the appeal period. The Veteran again raised a claim for service connection for tinnitus in November 2010 and, in September 2011, the RO issued the rating decision under appeal and declined to reopen the claim as no new and material evidence had been presented.

Although the RO, by way of the grant of service connection for hearing loss due to noise exposure, recognized that the Veteran was exposed to excessive noise in service, and also recognized the current existence of tinnitus, the basis for the denial in June 2005 was that the current tinnitus was not incurred in or caused by the Veteran's service. 

The evidence of record in June 2005 consisted of the Veteran's statements, service treatment records (STRs), VA outpatient records, 1998 and 2002 private audiological records, and VA examination reports dated in August 2002, February 2004 and April 2005. 

The evidence received after the expiration of the appeal period includes statements from both the Veteran and his representative, as well as an October 2012 VA examination report. In November 2010, the Veteran's representative issued a statement suggesting that the Veteran's tinnitus is associated with his service-connected hearing loss, and provided several citations from The MERCK Manual in support of the contention. In February 2011, the Veteran submitted a statement documenting his recollection that his tinnitus began following his service in the engine room of the U.S.S. Truxton. The Veteran reported that he was exposed to very loud noise for twelve hours per day and that he was not supplied ear protection. The Veteran also confirmed that he did not have tinnitus prior to service on board the ship, but that he did experience it during and after his ship duty. In March 2013, the Veteran further clarified that at the time of service the ringing in his ears was soft and quiet but constant, and that in recent years it has worsened and now is of such a severity that it wakes him up at night. Thus, since the prior denial, evidence has been added to the claims file suggesting that the Veteran's tinnitus may be associated with in-service noise exposure and/or associated with his service-connected bilateral hearing loss.

The Board finds that the 2010, 2011 and 2013 statements from both the Veteran and his representative are new and material, as these statements relate to a previously unestablished element of entitlement to service connection for tinnitus - namely the records support the contention that the Veteran's current tinnitus is related to noise exposure during his active service. Accordingly, this evidence is sufficient to reopen the previously-denied claim for service connection for tinnitus. 


ORDER

The Board having determined that new and material evidence has been received, reopening of the claim of entitlement to service connection for tinnitus is granted.


REMAND

The Board is of the opinion that additional development is required before the Veteran's claim of entitlement to service connection for tinnitus is decided. As noted in the decision, above, in November 2010, the Veteran's representative issued a statement suggesting that the Veteran's tinnitus is associated with his service-connected hearing loss, and provided several citations from The MERCK Manual in support of the contention. In February 2011, the Veteran submitted a statement documenting his recollection that his tinnitus began following his service in the engine room of the U.S.S. Truxton. The Veteran reported that he was exposed to very loud noise for twelve hours per day and that he was not supplied ear protection. The Veteran also confirmed that he did not have tinnitus prior to service on board the ship, but that he did experience it during and after his ship duty. In March 2013, the Veteran further clarified that at the time of service the ringing in his ears was soft and quiet but constant, and that in recent years it has worsened and now is of such a severity that it wakes him up at night. 

In October 2012, the RO obtained an opinion from a VA audiologist regarding this claim. Initially, the Board observes that it is unclear whether the audiologist reviewed the Veteran's claims file. The report indicates that service treatment records were reviewed and VA records were reviewed, but then notes that private records were not reviewed, of which there are two in the claims file, and also notes that no other records were reviewed. As noted above, there are several other records of relevance. Thus, it seems that the VA audiologist's opinion is not based upon a complete review of the relevant evidence of record. Further, the examiner opined that the Veteran's tinnitus is less likely as not caused by or a result of the Veteran's service-connected hearing loss. The basis for this opinion was that hearing loss and tinnitus can occur together or separately, but that one does not cause the other. This rationale is generalized and is not a discussion of the Veteran's bilateral hearing loss and tinnitus in particular. The examiner further based the opinion on the indication that the Veteran's tinnitus began around the year 2000, more than twenty-five years after separation from the military. The Veteran, however, in June 2013, submitted a statement indicating that the examiner asked him if he had tinnitus prior to 2000 and that the Veteran reported to the examiner that he had it for many years dating back to his time in service. Moreover, the examiner failed to discuss the Veteran's February 2011 or March 2013 statements and the representative's November 2010 statement with MERCK Manual references. The VA examiner essentially provided a negative nexus opinion related to the secondary causation question without a rationale based upon a complete review of the record; provided no opinion related to direct service connection; and completely ignored statements from the Veteran and from his representative, to include reference to medical literature. For these reasons, the Board finds the October 2012 VA examination report to be inadequate. When VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). For these reasons, the Board finds that a remand is necessary in order to afford the Veteran new VA examination to determine if his tinnitus is related to his active service or service-connected bilateral hearing loss.

Accordingly, this case is REMANDED to the RO or the Appeals Management Center (AMC), in Washington, D.C., for the following actions:

1. The RO or the AMC should undertake appropriate development to obtain a copy of any outstanding records pertinent to the Veteran's claim.

2. If any requested records related to remand instruction 1 are not available, the claims files should be annotated to reflect such and the Veteran notified in accordance with 38 C.F.R. § 3.159(e).

3. Once the record is developed to the extent possible, afford the Veteran a VA examination by an examiner with sufficient expertise to determine the etiology of the Veteran's tinnitus.

The claims file and any pertinent evidence in Virtual VA that is not included in the claims file must be made available to and reviewed by the examiner, and any indicated studies should be performed. 

Based on review of the record and examination of the Veteran, the examiner should state a medical opinion as to whether it is at least as likely as not (i.e., at least 50 percent probable) that the Veteran's tinnitus is etiologically related to his active service, to include the in-service noise exposure, or was caused or permanently worsened by the service-connected bilateral hearing loss. 

The examiner must consider all relevant evidence of record, to include the various statements by the Veteran found within the claims file, as well as the October 2010 statement by the Veteran's representative with reference to medical literature. For purposes of the opinion, the examiner should assume that the Veteran is credible in reporting his history of noise exposure in service and the onset of tinnitus in service.

The supporting rationale for all opinions expressed must be provided. If the examiner is unable to provide any required opinion, he or she should explain why the required opinion cannot be provided.

4. The RO or the AMC should also undertake any other development it determines to be warranted. 

5. Then, the RO or the AMC should readjudicate the claim of entitlement to service connection for tinnitus. If the benefits sought on appeal are not granted to the Veteran's satisfaction, the RO or the AMC should furnish to the Veteran and his representative a supplemental statement of the case and afford them the requisite opportunity to respond. Thereafter, if indicated, the case should be returned to the Board for further appellate action.

By this remand, the Board intimates no opinion as to any final outcome warranted.

The Veteran need take no action until he is otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This REMAND must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



______________________________________________
Shane A. Durkin
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs