Citation Nr: 1546222 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 10-15 820 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Atlanta Regional Office in Decatur, Georgia


THE ISSUE

Whether new and material evidence has been submitted to reopen the claim for entitlement to service connection for hypertension, and if so, whether the reopened claim should be granted.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARINGS ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

G. Fraser, Associate Counsel

INTRODUCTION

The Veteran served on active duty from February 1984 to December 1994. This case comes before the Board of Veterans' Appeals (Board) on appeal of a May 2008 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Denver, Colorado. Jurisdiction over this case was subsequently transferred to the Atlanta RO in Decatur, Georgia. 

The record before the Board consists of electronic records within Virtual VA and the Veterans Benefits Management System.

In July 2011 and June 2015, the Veteran testified at VA Central Office and video conference hearings before the Board. Transcripts of both hearings have been associated with the electronic record. Veterans Law Judges (VLJs) who participate in hearings must participate in making the final determination of the claim involved. 38 U.S.C.A. § 7107(c) (West 2014); 38 C.F.R. § 20.707 (2015). By law, appeals can be assigned only to an individual VLJ or to a panel of not less than three members. See 38 U.S.C.A. § 7102(a) (2015). Moreover, the United States Court of Appeals for Veterans Claims (Court) has held that a veteran is entitled to have an opportunity for a hearing before all Board members who will ultimately decide the appeal. Arneson v. Shinseki, 24 Vet. App. 379 (2011). In correspondence sent in September 2015, the Board informed him the Veteran of his right to have a hearing before the third member of the panel deciding his appeal. In his October 2015 response, the Veteran waived his right to a hearing before a third VLJ. Therefore, in accordance with Arneson, an additional hearing is not needed.

The issue of entitlement service connection for hypertension is addressed in the REMAND that follows the ORDER section of this decision.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 



FINDINGS OF FACT

1. A December 1998 rating decision denied the claim of entitlement to service connection for hypertension; the Veteran did not appeal the decision or submit any pertinent evidence within the appeal period. 

2. Evidence received subsequent to the expiration of the appeal period includes evidence that is not cumulative or redundant of the evidence previously of record and relates to an unestablished fact necessary to substantiate the claim for service connection for hypertension.


CONCLUSION OF LAW

New and material evidence has been presented to reopen a claim of entitlement to service connection for hypertension. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Legal Criteria

Generally, a claim that has been denied in an unappealed RO decision may not thereafter be reopened and allowed. 38 U.S.C.A. § 7105(c) (West 2014). The exception to this rule is 38 U.S.C.A. § 5108, which provides that if new and material evidence is presented or secured with respect to a claim that has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim. Moreover, new and material evidence received prior to the expiration of the appeal period, or prior to the appellate decision if a timely appeal has been filed, will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period. 38 C.F.R. § 3.156(b).

New evidence is defined as existing evidence not previously submitted to agency decisionmakers. Material evidence means evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence previously of record, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). 

The Court recently interpreted the language of 38 C.F.R. § 3.156(a) as creating a low threshold, and viewed the phrase "raises a reasonable possibility of substantiating the claim" as "enabling rather than precluding reopening." The Court emphasized that the regulation is designed to be consistent with 38 C.F.R. § 3.159(c)(4), which "does not require new and material evidence as to each previously unproven element of a claim." Shade v. Shinseki, 24 Vet. App. 110 (2010). 

For the purpose of establishing whether new and material evidence has been submitted, the credibility of evidence is presumed unless the evidence is inherently incredible or consists of statements that are beyond the competence of the person or persons making them. See Justus v. Principi, 3 Vet. App. 510, 513 (1992); Meyer v. Brown, 9 Vet. App. 425, 429 (1996); King v. Brown, 5 Vet. App. 19, 21 (1993). 

Factual Background and Analysis

The RO initially denied service connection for hypertension in a December 1998 rating decision based on its determination that the Veteran had not submitted evidence of a well-grounded claim. In sum, the RO determined that although the Veteran's service treatment records revealed elevated blood pressure readings, the claim was not well-grounded because there was no evidence of hypertension being incurred in service or manifesting to a compensable degree within one year of his discharge therefrom. The Veteran was notified of the denial by a letter dated in the same month. He did not appeal the denial or submit any additional pertinent evidence within the appeal period. 

The evidence of record in December 1998 consisted of the Veteran's statements, STRs, and VA outpatient records dated through May 1998. 

The evidence received after the expiration of the appeal period includes statements from the Veteran, VA outpatient records dated through October 2011, as well as the Veteran's testimony at his July 2011 and June 2015 Board hearings. During these hearings, the Veteran again noted his history of elevated blood pressure readings in service. In addition, during his June 2015 hearing, the Veteran also asserted a new theory of causation resulting from his use of Potassium Bromide (PB) pills in service. Specifically, the Veteran stated he was given PB pills in service as a protection against nerve agents while stationed in the Persian Gulf. The Board finds the Veteran competent to report taking this medication. The Veteran also stated these pills cause elevation of blood pressure. In support of his claim, he submitted a fact sheet on this medication, which does show some correlation between hypertension and the use of PB pills. 

The Board finds the above-noted evidence to be new and material because it tends to show that the Veteran's hypertension was incurred as a result of the PB pills he took in service. Accordingly, reopening of the claim for service connection for hypertension is warranted. 


ORDER

The Board having determined that new and material evidence has been received, reopening of the claim of entitlement to service connection for hypertension is granted. 


REMAND

The Board finds additional development is required before the Veteran's claim for service connection for hypertension is decided. At the outset, the Board notes that VA is obliged to provide a medical examination or obtain a medical opinion when there is (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability, (2) evidence establishing that an event, injury, or disease occurred in service, or establishing that certain diseases manifested during an applicable presumptive period for which the claimant qualifies, and (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the veteran's service or with another service-connected disability, but (4) there is insufficient competent medical evidence on file for the Secretary to make a decision on the claim. McLendon v. Nicholson, 20 Vet. App. 79 (2006). 

A review of the Veteran's outpatient treatment notes from the Atlanta VA Medical Center (VAMC) shows he has been diagnosed with and treated for hypertension during the pendency of this claim. In addition, the Veteran's STRs reveal several elevated blood pressure readings in service, and the Veteran has reported that he received preventative treatment for nerve agents with potassium bromide in service. The Board finds his reports to be credible. In light of these circumstances and the fact that the Veteran has not been afforded a VA examination to determine the etiology of his hypertension, the Board has determined that a remand for the purpose of providing the Veteran such an examination is in order.

On remand, all relevant ongoing medical records should be obtained. 38 U.S.C.A. § 5103A(c) (West 2014); see also Bell v. Derwinski, 2 Vet. App. 611 (1992) (VA medical records are in constructive possession of the agency, and must be obtained if the material could be determinative of the claim).

Accordingly, this case is REMANDED to the RO or the Appeals Management Center (AMC), in Washington, D.C., for the following actions: 

1. The RO or the AMC should undertake development to obtain any outstanding records pertinent to the Veteran's claim. If any requested records are not available, the record should be annotated to reflect such and the Veteran notified in accordance with 38 C.F.R. § 3.159(e).

2. Then, the Veteran should be afforded an examination by a physician with sufficient experience to determine the nature and etiology of his hypertension.

All pertinent evidence of record must be made available to and reviewed by the examiner. Any indicated studies should be performed. Based on the review of the Veteran's pertinent history and the examination results, the examiner should state an opinion as to whether it is at least as likely as not (i.e., at least 50 percent probable) the Veteran's hypertension originated in service or is otherwise etiologically related to service. 

In this regard, the examiner must discuss and consider the Veteran's competent lay statements regarding his in-service use of potassium bromide. The examiner shall assume such statements are credible for purposes of the opinions. In addition, the examiner must also discuss the Veteran's STRs, which note elevated blood pressure readings on several occasions. 

A complete rationale for all proffered opinions must be provided. If the examiner is unable to provide any required opinion, he/she should explain why. If the examiner cannot provide an opinion without resorting to mere speculation, the examiner must provide a complete explanation as to why this is so. If the inability to provide a more definitive opinion is the result of a need for additional information, the examiner should identify the additional information that is needed.

3. The RO or the AMC should also undertake any other development it determines to be warranted.

4. Then, the RO or the AMC should adjudicate the reopened claim for service connection for hypertension on a de novo basis. If the benefit sought on appeal is not granted to the Veteran's satisfaction, the RO or the AMC should furnish to the Veteran and his representative a supplemental statement of the case and afford them the requisite opportunity to respond. Thereafter, if indicated, the case should be returned to the Board for further appellate action.

By this remand, the Board intimates no opinion as to any final outcome warranted.

The Veteran need take no action until he is otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

As noted above, this case has been advanced on the Board's docket. It must also be afforded expeditious treatment by the RO or the AMC. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_______________________ _______________________
 Shane A. Durkin C. Trueba
 Veterans Law Judge, Veterans Law Judge,
Board of Veterans' Appeals Board of Veterans' Appeals



____________________________________________
James L. March 
Veterans Law Judge, 
Board of Veterans' Appeals

Department of Veterans Affairs