Citation Nr: 1736745 
Decision Date: 08/31/17 Archive Date: 09/06/17

DOCKET NO. 14-20 574 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUES

1. Whether new and material evidence has been presented to reopen a claim seeking service connection for a lower back disability.

2. Entitlement to service connection for a lower back disability.

3. Entitlement to service connection for bilateral hearing loss.


REPRESENTATION

Veteran represented by: Missouri Veterans Commission


WITNESS AT HEARING ON APPEAL

Veteran



ATTORNEY FOR THE BOARD

M. D'Allaird, Associate Counsel


INTRODUCTION

The Veteran had active service from March 1954 to March 1956. 

These matters are before the Board of Veterans' Appeals (Board) from a May 2013 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri.

The Veteran testified at a May 2017 Board videoconference hearing before the undersigned Veterans Law Judge. A transcript is of record.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016); 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. In May 2017, prior to the promulgation of a decision in the appeal, the Board received notification from the Veteran that a withdrawal of the appeal for the claim of entitlement to service connection for bilateral hearing loss is requested.

2. A January 2001 Board decision reopened the Veteran's claim (that had most recently been finally denied by a July 1998 Board decision) and denied the claim on the merits. The Veteran did not timely file an appeal to the United States Court of Appeals for Veterans Claims (Court). The Veteran filed a request for reconsideration of the Board decision in February 2003. The request was denied in April 2003. 

3. The evidence received since the January 2001 Board decision includes evidence that is not cumulative or redundant of the evidence previously of record and that relates to an unestablished fact necessary to substantiate the claim.

4. The evidence is in equipoise as to whether the Veteran's current lower back disability is causally related to his military service.


CONCLUSIONS OF LAW

1. The criteria for withdrawal of an appeal by the Veteran have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. § 20.204 (2016).

2. The January 2001 Board decision is final. 38 U.S.C.A. §§ 7103(a), 7104 (West 2014); 38 C.F.R. § 20.1100 (2016).

3. Evidence received since the January 2001 Board decision is new and material and the claim is reopened. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156(a) (2016).

4. The criteria for service connection for a lower back disability have been met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

A. Withdrawal of Claim for Service Connection for Bilateral Hearing Loss

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C.A. § 7105 (West 2014). An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204 (2016). Withdrawal may be made by the Veteran or by his or her authorized representative. 38 C.F.R. § 20.204. In the present case, the Veteran has withdrawn his appeal for the claim of service connection for bilateral hearing loss and, hence, there remain no allegations of errors of fact or law for appellate consideration. Specifically, at a May 2017 Board hearing, the Veteran made a declaration withdrawing this appeal. The Board finds that the Veteran's withdrawal of his appeal was fully informed and voluntary. Accordingly, the Board does not have jurisdiction to review the appeal and it is dismissed. 

B. Notice and Assistance

VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. § 3.159.

Any error in notice or assistance on the petition seeking to reopen a claim of service connection for a lower back disability is harmless given the favorable determinations.

C. New and Material Evidence

The Veteran seeks to reopen a previously denied claim of entitlement to service connection for a lower back disability. 

A Board decision is final as of the date stamped on the face of the decision when mailed, unless reconsideration is ordered, or the decision is appealed to the Court. 38 C.F.R. § 20.1100. Generally, a final rating decision or Board decision may not be reopened and allowed, and a claim based on the same factual analysis may not be considered. 38 U.S.C.A. §§ 7104, 7105. The exception to this rule is 38 U.S.C.A. § 5108, which provides that if new and material evidence is presented or secured with respect to a claim that has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim. Moreover, new and material evidence received prior to the expiration of the appeal period, or prior to the appellate decision if a timely appeal has been filed, will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period. 38 C.F.R. § 3.156(b).

New evidence is defined as existing evidence not previously submitted to agency decision makers. Material evidence means evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence previously of record, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). 
The Court has interpreted the language of 38 C.F.R. § 3.156(a) as creating a low threshold, and viewed the phrase "raises a reasonable possibility of substantiating the claim" as "enabling rather than precluding reopening." Shade v. Shinseki, 24 Vet. App. 110, 120-21 (2010). The Court emphasized that the regulation is designed to be consistent with 38 C.F.R. § 3.159(c)(4), which "does not require new and material evidence as to each previously unproven element of a claim." Id. at 120.

For the purpose of establishing whether new and material evidence has been submitted, the credibility of evidence is presumed unless the evidence is inherently incredible or consists of statements that are beyond the competence of the person or persons making them. See Justus v. Principi, 3 Vet. App. 510, 513 (1992); Meyer v. Brown, 9 Vet. App. 425, 429 (1996); King v. Brown, 5 Vet. App. 19, 21 (1993).

The Veteran is seeking to reopen a previously denied claim seeking service connection for a lower back disability. Historically, the claim was initially denied in an August 1962 rating decision based on a finding that the Veteran's condition was not caused by or a result of military service. The Veteran was notified of this denial in August 1962. He filed a timely notice of disagreement in January 1963; however, he did not timely file a substantive appeal in response to the March 1963 statement of the case. Thus, the August 1962 rating decision became final.

The Veteran's petition to reopen his claim in April 1996 was denied by the RO in a rating decision dated in May 1996. The Veteran timely appealed the decision and a July 1998 Board decision declined to reopen the claim. The Veteran did not appeal the decision to the Court.

In September 1998, the Veteran filed another claim to reopen. The claim was denied in a February 1999 rating decision based on a finding that evidence submitted was not new and material. The Veteran appealed the 1999 decision. In January 2001, the Board reopened the claim and denied it on the merits. The Board decision was sent to the Veteran and his rights to appeal were explained. The Veteran did not appeal such decision to the Court. The Veteran did file a motion for reconsideration of the 2001 Board decision in February 2003. The Board denied the motion in April 2003. Therefore, the January 2001 Board decision is final. 38 U.S.C.A. §§ 7103(a), 7104; 38 C.F.R. § 20.1100. 

Evidence considered at the time of the January 2001 Board decision included the following items: treatment records from Dr. E.H., M.D., a private physician, dated from July 1984 to August 1987; a statement from Dr. E.H., dated in September 1998; treatment notes from Specialized Physical Medicine and Rehabilitation Clinics, dated in March 1999; the report of a VA examination of the spine dated in April 1999; treatment notes from Medical Arts Clinic, Inc., dated from April to October 1999; a statement from a furniture store where the Veteran had recently purchased a mattress set, dated in November 1999; and various articles and manuals relating to back pain and back pain treatment. The Veteran and his representative also submitted numerous statements in support of the Veteran's claim. 

The Board found that new and material evidence had been submitted in order to reopen the claim. The Board then denied the claim for service connection after considering three items of medical evidence regarding the etiology of the Veteran's lower back disability. Those three items included: the September 1998 opinion by Dr. E.H., the report of an examination conducted in March 1999 by A.M., M.D., and an April 1999 VA examination. The Board concluded that the April 1999 VA examiner's opinion, finding that the Veteran's lower back disability was not related to his service, was more probative and persuasive than the other opinions, and denied the claim.

Relevant evidence submitted since the final January 2001 Board decision includes the following: a transcript of the May 2017 hearing; an etiology opinion from Dr. R.B. dated in June 2017; and numerous statements submitted by the Veteran. Most probative is the June 2017 letter from Dr. R.B. which provides an opinion as to the etiology of the Veteran's lower back disability. After a review of VA and private treatment records and sworn testimonies, Dr. R.B. opined that the Veteran suffered an injury in service in 1955 which has "continued to manifest to the present time."

The evidence submitted since the 2001 Board decision qualifies as new as it was not of record at the time of the January 2001 Board decision. 

The Board must now determine whether this evidence also qualifies as material, such that it relates to an unestablished fact necessary to substantiate the Veteran's claim. The Veteran's claim was denied on the basis of a lack of evidence showing a nexus between the Veteran's lower back disability and an in-service injury. The statement of Dr. R.B. provides a competent medical opinion that the Veteran's disability is connected to his in-service injury in 1955. Accordingly, the Board finds that the above evidence also qualifies as material. 

The Board therefore finds that new and material evidence has been received since the prior final denial of this claim in January 2001. Shade, 24 Vet. App. at 117. Accordingly, reopening of the claim of entitlement to service connection for lower back disability is in order. 

D. Service Connection 

Service connection may be established for a disability resulting from disease or injury incurred in or aggravated by active duty. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303.

Evidence of continuity of symptomatology from the time of service until the present is required where the chronicity of a chronic condition manifested during service either has not been established or might reasonably be questioned. 38 C.F.R. § 3.303(b); see also Walker v. Shinseki, 708 F.3d 1331, 1340 (Fed. Cir. 2013) (holding that only conditions listed as chronic diseases in § 3.309(a) may be considered for service connection under 38 C.F.R. § 3.303(b)). Regulations also provide that service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. § 3.303(d).

In order to establish service connection for a claimed disorder, the following must be shown: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). The determination as to whether these requirements are met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. Baldwin v. West, 13 Vet. App. 1 (1999); 38 C.F.R. § 3.303(a).

Competent medical evidence is evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions. Competent medical evidence may also include statements conveying sound medical principles found in medical treatises. It also includes statements contained in authoritative writings, such as medical and scientific articles and research reports or analyses. 38 C.F.R. § 3.159(a)(1). Competent lay evidence is any evidence not requiring that the proponent have specialized education, training, or experience. Lay evidence is competent if it is provided by a person who has knowledge of facts or circumstances and conveys matters that can be observed and described by a lay person. 38 C.F.R. § 3.159(a)(2). This may include some medical matters, such as describing symptoms or relating a contemporaneous medical diagnosis. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

The Veteran claims service connection for a lower back disability incurred during his service in 1955 while stationed at Fort Sill in Oklahoma.

The record includes multiple records that support that the Veteran has a current back disability. For instance, a September 1998 private physician opinion from Dr. E.H. diagnosed a chronic back injury, primarily a ligamentous tear or severe strain with an element of herniated lumbar disc causing a mild L5 radiculopathy as manifested by hyperesthesia of the right calf slight decreased toe dorsiflexion. A 1999 VA examination report includes a diagnosis of lumbosacral strain. A June 2017 private opinion from Dr. R.B. agrees with Dr. E.H.'s diagnosis. Therefore, the first element of service connection has been met.

The record also establishes the Veteran experienced an in-service injury. The Veteran is competent to describe his in-service experiences and any symptoms he experienced as a result of those events. STRs dated in January 1956 show the Veteran sought treatment for "back trouble" caused by "lifting strain to back," four months prior. In a letter submitted in March 2011, the Veteran stated that although the STRs state the injury occurred four months prior, it occurred five months prior to seeking treatment. The Veteran stated during the May 2017 hearing before the Board, that he had injured his back while hopping ammunition. He stated that they had been "swinging the ammunition up in the back of the truck, and a rope came loose on one end of the container and I had the whole thing, which twisted me around and hurt my back." Board Hearing Tr. at 3. A letter dated in June 2000 from H.B., someone who knew the Veteran at the time of the injury, stated that she remembered him hurting his back while at Fort Sill. Additionally, he filed his first claim for his lower back condition in 1962 and his lay statements regarding the event have remained consistent in the intervening 55 years. Thus, the Board finds that the Veteran's statements about his injury are credible. Therefore, the second element of service connection, an in-service event, has been established.

The Board must now determine if there is a causal relationship between the Veteran's current lower back disability and the in-service event. 

In September 1998, the Veteran submitted an opinion from his private physician, Dr. E.H. The opinion indicated the Veteran was a long-standing patient who has a history, well documented, of an injury while in service in 1955. Dr. E.H. stated that he reviewed the Veteran's records and back films from two years prior. Dr. E.H. wrote: 
It is my opinion that he does suffer a chronic back injury, primarily a ligamentous tear for severe strain with an element of herniated lumbar disc causing a mild L5 radiculopathy as manifested by hyperesthesia of the right calf and slight decreased toe dorsiflexion. It is clear from the history that this injury did occur while in the service in 1955 and does continue to plague him at the present time.
 
The Veteran was afforded a VA examination in April 1999. The examiner noted that the Veteran did not seek treatment for his injury for four months, and the injury was not documented anywhere in the record that the examiner could find. It was also noted that the Veteran had been treated for back injuries after playing basketball and while at work in 1958. It was further noted that the Veteran had done strenuous work since leaving the military. The examiner stated that there was no evidence to support that an injury occurring in service was directly related and causative for any of the Veteran's back symptoms. The examiner further stated that all comments in the medical record were subjective in nature. The examiner opined "I do not believe that any degree of chronic low back pain about which Mr. [redacted] now complains is related to an injury during service."

The Veteran submitted a private physician opinion from Dr. R.B. dated in June 2017. Dr. R.B. stated that he reviewed the Veteran's record, which included VA medical records, prior physician records, and sworn testimony. Dr. R.B. discussed the Veteran's in-service injury and noted that as expected in someone with back pain, the initial pain was significant, but the Veteran kept working the following months and the pain improved, but was aggravated off and on. Dr. R.B. indicated that this explained why the Veteran did not see a doctor for his pain until several months following the injury. Dr. R.B. also stated that although a note from the Veteran's private physician dated in October 1962 noted that he had injured his back at basketball practice, "this statement is misleading and suggests he did suffer a type of fall, blunt injury or accident. He did not experience any physical event that would indicate any injury. In my opinion, this has been an extension of his chronic back pain with intermittent exacerbation." Dr. R.B. opined that "It is clear to me that the injury must have occurred while in the service in 1955 and has continued to manifest to the present time."

Greater weight may be placed on one physician's opinion over another's depending on factors such as reasoning employed by the physicians, and whether or not and to what extent they review prior clinical records and other evidence. Gabrielson v. Brown, 7 Vet. App. 36 (1994). Here, in weighing the respective medical opinions regarding the Veteran's lower back disability, the Board places the greatest weight of probative value on the June 2017 opinion of Dr. R.B. While the March 1998 private opinion provides a positive nexus between the Veteran's lower back disability and his in-service injury, it does not provide an adequate rationale. The April 1999 examiner's opinion against the Veteran's claim did not adequately consider evidence of the in-service injury and continuity of symptomatology, including the competent and credible lay statements of the Veteran in finding that his disability is not related to his service. In contrast, the June 2017 opinion of the Veteran's treating physician reflects consideration of the Veteran's medical history, the Veteran's competent and credible lay statements, as well as a review of his post-service treatment. This opinion also provides an adequate rationale in finding a positive nexus between the Veteran's lower back disability and his in-service injury.

Therefore, the Board finds that the evidence is in relative equipoise and the benefit of the doubt is resolved in favor of the Veteran's claim for service connection for a lower back disability.


ORDER

The appeal with regard to the claim for service connection for bilateral hearing loss is dismissed. 

As new and material evidence has been received, the Veteran's claim for service connection for a lower back disability is reopened.

Service connection for a lower back disability is granted.



______________________________________________
M. SORISIO
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs