﻿Citation Nr: 18124183
Decision Date: 08/06/18 Archive Date: 08/06/18

DOCKET NO. 13-32 345
DATE: August 6, 2018
ORDER
As new and material evidence has not been presented to reopen a previously denied claim for entitlement to service connection for myofascial pain syndrome affecting the cervical spine, the appeal is denied.
FINDINGS OF FACT
1. The Veteran’s claim of entitlement to service connection for myofascial pain syndrome affecting the cervical spine, was denied in an April 1998 rating decision; the Veteran did not appeal, and no new and material evidence was received within one year of the determination and the decision is final.
2. Evidence received since the April 1998 last, final rating decision is cumulative and redundant of the prior evidence, and it does not raise a reasonable possibility of substantiating the claim of entitlement to service connection for myofascial pain syndrome affecting the cervical spine.
CONCLUSION OF LAW
The April 1998 rating decision denied entitlement to service connection for myofascial pain syndrome affecting the cervical spine, is final; and no new and material evidence has been received to reopen this matter. 38 U.S.C. §§ 5108, 7105(c); 38 C.F.R. §§ 3.104, 3.156, 20.302, 20.1103. 
REASONS AND BASES FOR FINDINGS AND CONCLUSION
The Veteran served on active duty from June 1984 to August 1984 and from May 1986 to May 1995. This matter comes before the Board on appeal from a December 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Boston, Massachusetts. 
New and Material Evidence
Generally, a claim which has been denied in a Board decision or an unappealed rating decision may not thereafter be reopened and allowed. 38 U.S.C. §§ 7104(b), 7105(c). An exception to this rule is 38 U.S.C. § 5108, which provides that if a claim of entitlement to service connection has been previously denied and that decision became final, the claim can be reopened and reconsidered only if new and material evidence is presented with respect to that claim. 38 U.S.C. § 5108.
New evidence means existing evidence not previously submitted to agency decision-makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). 
VA must review all evidence submitted since the last final rating decision to determine whether the claim may be reopened. See Hickson v. West, 12 Vet. App. 247, 251 (1999). For the limited purpose of determining whether new and material evidence has been submitted, the credibility of the newly submitted evidence is presumed. See Justus v. Prinicipi, 3 Vet. App. 510, 513 (1992); see also Kutscherousky v. West, 12 Vet. App. 369, 371 (1999) (per curium) (holding that the “presumption of credibility” doctrine continues to be precedent). The presumption is rebuttable when the evidentiary assertion is inherently incredible or when the fact asserted is beyond the competence of the person making the assertion. King v. Brown, 5 Vet. App. 19, 21 (1993).
Myofascial pain syndrome affecting the cervical spine
In this appeal, the claim of service connection for myofascial pain syndrome affecting the cervical spine was originally denied by an April 1998 rating decision because the RO determined that the Veteran did not have a current cervical spine disorder. The RO notified the Veteran of its decision, and of his appellate rights, but the Veteran did not initiate an appeal of the rating decision within one year, nor was any new and material evidence received within a year. 38 C.F.R. § 3.156(b). As a result, the April 1998 rating decision became final. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.156, 20.200, 20.201, 20.302, 20.1103. In a December 2009 rating decision, the RO declined to reopen the claim. As such, the Board must decide the threshold issue of whether the Veteran submitted evidence that is new and material before addressing the merits of the claim. See Jackson v. Principi, 265 F. 3d 1366 (Fed. Cir. 2001); Barnett v. Brown, 83 F.3d 1380 (Fed. Cir. 1996). 
The relevant evidence added to the record since the April 1998 rating decision (last final denial) includes VA treatment records dated from March 2006 to February 2016, an October 2006 VA Gulf War examination report indicating a normal cervical spine, a November 2013 substantive appeal (VA Form 9) statement, and a February 2018 VA cervical spine examination report indicating a normal spine. During the February 2018 VA examination, the Veteran reported that his neck pain resolved and denied any neck related symptoms. This evidence is new as it was not previously submitted and/or considered by agency decision-makers prior to the last and final April 1998 rating decision. However, the evidence is not material as it is either cumulative of evidence previously considered pertaining to lay assertions regarding an in-service event or does not raise a reasonable possibility of substantiating the claim. As such, the evidence is insufficient to reopen the claim of service connection for a neck disorder. 38 C.F.R. § 3.156(a).
As such, the Board finds that new and material evidence has not been presented to reopen the previously denied claim of entitlement to service connection for myofascial pain syndrome affecting the cervical spine, and the appeal is denied. 
 
TANYA SMITH
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD C. Taylor, Associate Counsel