Citation Nr: 1811325 
Decision Date: 02/22/18 Archive Date: 03/06/18

DOCKET NO. 14-11 636 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim for service connection for a lumbar spine disability. 

2. Entitlement to service connection for a lumbar spine disability. 


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

S. Kim, Associate Counsel




INTRODUCTION

The Appellant served on active duty from February 1978 to March 1978. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2013 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Chicago, Illinois. 

In September 2015, the Board remanded the appeal for additional development. 

The issue of entitlement to service connection for a lumbar spine disability is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. In a final April 2001 rating decision, the RO denied the Appellant's claim of entitlement to service connection for a lumbar spine disability. 

2. Evidence associated with the record since the final April 2001 rating decision is not cumulative and redundant of the evidence of record at the time of the decision and does raises a reasonable possibility of substantiating the Appellant's claim of entitlement to service connection for a lumbar spine disability. 


CONCLUSION OF LAW

New and material evidence has been received to reopen the claim of entitlement to service connection for a lumbar spine disability. 38 U.S.C. § 5108 (West 2014); 38 C.F.R. § 3.156 (a) (2017).




REASONS AND BASES FOR FINDINGS AND CONCLUSION

Pertinent Law and Regulations

Service connection may be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred or aggravated in active military service. This means that the facts establish that a particular injury or disease resulting in disability was incurred coincident with service in the Armed Forces, or if preexisting such service, was aggravated therein. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). 

The reopening of a claim of service connection which has been previously and finally disallowed requires that new and material evidence be presented since the last final disallowance of the claim. 38 U.S.C. § 5108.

Whether or not the RO reopened a claim is not dispositive, as it is the Board's jurisdictional responsibility to consider whether it is proper for a claim to be reopened. Jackson v. Principi, 265 F.3d 1366 (Fed. Cir. 2001).
 
New evidence means existing evidence not previously submitted to agency decision makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a).

The Court held in Shade v. Shinseki that the language of 38 C.F.R. § 3.156(a) creates a low threshold to reopen, and emphasized that the regulation is designed to be consistent with 38 C.F.R. § 3.159(c)(4), which "does not require new and material evidence as to each previously unproven element of a claim." 24 Vet. App. 110, 120-21 (2010). In Shade, the Court stated that when determining whether the submitted evidence meets the definition of new and material evidence, VA must consider whether the new evidence could, if the claim were reopened, reasonably result in substantiation of the claim. Id. at 118. Thus, pursuant to Shade, evidence is new if it has not been previously submitted to agency decision makers and is material if, when considered with the evidence of record, it would at least trigger VA's duty to assist by providing a medical opinion. Id. 

For the purpose of establishing whether new and material evidence has been submitted, the credibility of the evidence, although not its weight, is to be presumed. Justus v. Principi, 3 Vet. App. 510, 513 (1992). The presumption of credibility is rebuttable when the evidentiary assertion is inherently incredible or when the fact asserted is beyond the competence of the person making the assertion. King v. Brown, 5 Vet. App. 19, 21 (1993).

Analysis

By way of background, the Appellant's service connection claim for a lumbar spine disability was previously denied in September 2000 and April 2001 rating decisions. He was notified of the outcome and did not file a notice of disagreement within one year, nor was any additional evidence pertinent to the claim received within one year of that decision. See 38 C.F.R. § 3.156 (b) (2017); Bond v. Shinseki, 659 F.3d 1362 (Fed. Cir. 2011); see also Buie v. Shinseki, 24 Vet. App. 242, 251-52 (2010). As such, the April 2001 rating decision became final based on the evidence then of record. 38 U.S.C. §§ 7104, 7105; 38 C.F.R. § 20.1103. 

The Appellant seeks to reopen the service connection claim for a lumbar spine disability. See March 2011 Claim. 

The evidence previously considered at the time of the last final decision (i.e. in April 2001) includes service treatment records. The April 2001 rating decision denied the Appellant's service connection claim for a lumbar spine disability based on the RO's conclusion that the claimed disability pre-existed service, and was not aggravated therein. 

The evidence pertaining to the Appellant's claimed lumbar spine disability since the last final rating decision in April 2001 includes VA treatment records dated through February 2014, records from the Social Security Administration, and additional arguments submitted in a February 2018 Appellant's Brief. VA treatment records reveal a current diagnosis of mild lumbar spondylosis and numerous complaints of chronic low back pain. See, e.g., July 2013 VA treatment note. In the February 2018 Appellant's Brief, the Appellant argued that the claimed lumbar spine disability was aggravated "by his physical activities during boot camp," to specifically include "exacerbat[ion] by marching." Of note, the previously considered service treatment records contain a February 21, 1978 service clinical record, which reflects the Appellant's "c/o LBP exacerbated [with] marching" associated with a history of "falling off porch 15 ft. . . . 2 months ago." 

The diagnosis of lumbar spondylosis, coupled with argument contained in the February 2018 Appellant's Brief, suggests a potential relationship between the claimed disability and his service, and is sufficient to at least trigger VA's duty to assist by providing a VA examination. See Shade, 24 Vet. App. at 120-21. As such, the evidence is both new and material, and the Board finds that the reopening of this claim is warranted.


ORDER

New and material evidence having been received, the claim of entitlement to service connection for a lumbar spine disability is reopened and, to this extent only, the benefit is granted.


REMAND

The Appellant contends that he had a pre-existing lumbar spine disability and that such was aggravated during service, to specifically include physical activities therein. See February 2018 Appellant's Brief. 

A December 1977 enlistment examination reflects normal findings referable to the claimed lumbar spine disability. Subsequent service treatment records contain various reports of lumbar spine pain. February 7 and February 8, 1978 service treatment records note his complaint of low back pain. Specifically, the February 8, 1978 service treatment notes that the Appellant reported "LBP [after] falling off a porch approx... 15 ft. 1 month ago," whereby he "hurt [his] back but never was [treated]." An assessment of lumbar spine strain and spina bifida at L5 was provided at that time. A February 21, 1978 service clinical records notes the Appellant's report of "c/o LBP exacerbated [with] marching" as well as diagnoses of lumbar strain and spina bifada at L5. The treating physician also wrote that the "1st episode of pain [was] 2 months ago" and that the Appellant was "now experiencing same low back pain with prolonged posturing." A February 28, 1978 Medical Board finding notes the referenced complaints of low back pain during service as well as a history of a prior low back injury, and recommends that the Appellant be discharged from service. 

Post service, the Appellant has continued to complaint of low back pain and is currently diagnosed with mild lumbar spine spondylosis. See, e.g., July 2013 VA treatment note. 

The Board observes that, as no lumbar spine disability was noted in the December 1977 enlistment examination report, the presumption of soundness attaches, which may be rebutted only by clear and unmistakable evidence that the Appellant's disability was both pre-existing and not aggravated by service. Wagner v. Principi, 370 F.3d 1089, 1096 (Fed. Cir. 2004); 38 C.F.R. § 3.304(b) (2017). 

As yet, the record does not contain a medical opinion addressing whether the claimed lumbar spine disability clearly and unmistakably preexisted service and was not aggravated by service. Therefore, on remand, the AOJ should schedule a VA examination addressing the noted deficiencies. McLendon v. Nicholson, 20 Vet. App. 79 (2006).

While on remand, the AOJ should associate any updated VA treatment records with the Appellant's claims file and request that he identify any outstanding private treatment records referable to his claim. 

Accordingly, the case is REMANDED for the following action:

1. Provide the Appellant with an opportunity to identify any outstanding private or VA treatment records relevant to his claim. After obtaining any necessary authorization from the Appellant, all outstanding records should be obtained. 

2. The Appellant should be afforded a VA examination to determine whether there is a relationship between the claimed lumbar spine disability and his service. The examiner should review the record and note such review in the examination report. The examination should include a review of the Appellant's history and current complaints as well as a comprehensive evaluation and any tests deemed necessary.

The examiner is asked to furnish an opinion with respect to the following questions:

(A) The examiner should identify all diagnoses for the lumbar spine present since the date of the claim (i.e. since March 2011), even if such diagnosis is currently asymptomatic or resolved during the pendency of the appeal.

(B) Is it clear and unmistakable (i.e. undebatable) that the Veteran has a current lumbar spine disability that pre-existed service?

(C) If so, is it also clear and unmistakable (i.e. undebatable) that the lumbar spine disability the pre-existing lumbar spine disability was not aggravated beyond its natural progression during service? 

(D) If the answer to either (B) or (C) is "no," assume as true that the Veteran entered service without a pre-existing spine disability. With this assumption in mind, is it at least as likely as not (50 percent or greater probability) that the Veteran's lumbar spine disability had its onset in, or is otherwise related to his period of service? 

In offering the requested opinions, the examiner's attention is specifically directed to the above-referenced service treatment records, to specifically include, but not limited to, the February 21, 1978 service clinical record noting the Appellant's report of "c/o LBP exacerbated [with] marching." The treating physician also remarked that the "1st episode of pain [was] 2 months ago" and that the Appellant was "now experiencing same low back pain with prolonged posturing." 

In rendering his or her opinion, the examiner should consider the Appellant's competent observations of experiencing lumbar spine symptoms since service. 

A complete rationale for all opinions offered should be provided. 

3. After completing the above actions, to include any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, the Appellant's claim should be readjudicated based on the entirety of the evidence. If the claim remains denied, the Appellant should be issued a Supplemental Statement of the Case. 

The Appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
V. CHIAPPETTA
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs