﻿Citation Nr: 18107537
Decision Date: 06/04/18 Archive Date: 06/02/18

DOCKET NO. 15-03 832
DATE: June 4, 2018
ORDER
The petition to reopen the previously denied service connection claim for hypertension is granted.
Entitlement to service connection for hypertension is granted.
The petition to reopen the previously denied service connection claim for a right wrist injury is granted.
Entitlement to service connection for residuals from a right wrist injury is granted.
REMANDED
Entitlement to a rating higher than 10 percent for increased rating for left knee degenerative joint disease (DJD) with painful motion is remanded.
Entitlement to a rating higher than 10 percent for left knee DJD with instability is remanded.
Entitlement to a TDIU is remanded.
FINDINGS OF FACT
1. In a June 2005 rating decision, the RO denied the petition to reopen the previously denied service connection claim for hypertension. The Veteran did not appeal that decision, and new and material evidence was not received within one year of its issuance.

2. Evidence received since the June 2005 RO decision relates to the basis for the prior denial and raises a reasonable possibility of substantiating the claim.

3. The evidence is at least evenly balanced as to whether the Veteran’s hypertension had its onset in service or the first post service year.
4. In a February 2007 rating decision, the RO denied service connection for a right wrist injury. The Veteran did not appeal that decision, and new and material evidence was not received within one year of its issuance.
5. Evidence received since the February 2007 RO decision relates to the basis for the prior denial and raises a reasonable possibility of substantiating the claim.
6. The evidence is at least evenly balanced as to whether the Veteran's current right wrist pain had its onset in service.
CONCLUSIONS OF LAW
1. The June 2005 rating decision that denied service connection for hypertension is final. 38 U.S.C. § 7105(c); 38 C.F.R. §§ 20.302, 20.1103.
2. The evidence received since the June 2005 rating decision is new and material as to the issue of service connection for hypertension and the claim is reopened. 38 U.S.C. § 5108; 38 C.F.R. § 3.156.
3. The criteria for service connection for hypertension are met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. §§ 3.102, 3.303, 3.303(b), 3.307, 3.309. 
4. The February 2007 rating decision that denied service connection for right wrist injury is final. 38 U.S.C. § 7105(c); 38 C.F.R. §§ 20.302, 20.1103.
5. The evidence received since the February 2007 rating decision is new and material as to the issue of service connection for right wrist injury and the claim is reopened. 38 U.S.C. § 5108; 38 C.F.R. § 3.156.
6. The criteria for service connection for residuals of a right wrist pain are met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. §§ 3.102, 3.303. 
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran served on active duty from October 1997 to August 2000.
This matter comes to the Board of Veterans' Appeals (Board) on appeal from a December 2013 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). 
1. Petitions to reopen previously denied claims
Generally, a claim that has been denied in an unappealed RO decision may not thereafter be reopened and allowed. 38 U.S.C. § 7105(c). The exception to this rule is 38 U.S.C. § 5108, which provides that if new and material evidence is presented or secured with respect to a claim that has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim.
New evidence is defined as existing evidence not previously submitted to agency decision makers. Material evidence means evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence previously of record, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). There is a low threshold for determining whether evidence raises a reasonable possibility of substantiating a claim. Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). 
For the purposes of establishing whether new and material evidence has been submitted, the credibility of the evidence is presumed unless the evidence is inherently incredible or consists of statements that are beyond the competence of the person or persons making them. See Justus v. Principi, 3 Vet. App. 510, 513 (1992); Meyer v. Brown, 9 Vet. App. 425, 429 (1996); King v. Brown, 5 Vet. App. 19, 21 (1993).
In June 2005 and February 2007, the RO denied service connection for hypertension and a right wrist injury, respectively. The Veteran did not appeal either decision, nor did he submit new and material evidence within the remaining appeal periods. Accordingly, these rating decisions are final as to the evidence then of record, and are not subject to revision on the same factual basis. See 38 U.S.C. § 7105(c); Bond v. Shinseki, 659 F.3d 1362 (Fed. Cir. 2011); 38 C.F.R. § 3.104, 3.156(a)-(b), 20.302, 20.1103.
In June 2005, the RO denied service connection since it found that hypertension did not manifest in service or within the first post service year. It considered newly received service treatment records (STRs). 
Since the June 2005 RO decision, new evidence has been submitted. Updated medical records show that the Veteran continues to have hypertension. On his November 2013 TDIU claim, the Veteran identified hypertension as a disability that interfered with work. As this evidence relates to the basis for the prior denial and raises a reasonable possibility of substantiating the claim, it is new and material. Reopening of the hypertension claim is therefore warranted. 38 C.F.R. § 3.156.
In February 2007, the RO denied service connection for a right wrist injury due to absence of a current disability. It considered STRs documenting a right wrist injury and the October 2001 VA examination report. 
Since the February 2007 RO decision, new evidence has been submitted. On his November 2013 TDIU claim, the Veteran identified a right wrist injury as a disability that interfered with work. As detailed below, the applicable law expands the definition of current disability to include functional impairment caused by pain. As this evidence relates to the basis for the prior denial and raises a reasonable possibility of substantiating the claim, it is new and material. Reopening of the right wrist injury claim is therefore warranted. 38 C.F.R. § 3.156.
2. Service connection
Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by service. See 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). In general, service connection requires competent evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 
Pursuant to 38 C.F.R. § 3.303(b), where a chronic disease, such as hypertension or arthritis, is shown as such in service, subsequent manifestations of the same chronic disease are generally service connected. If a chronic disease is noted in service but chronicity in service is not adequately supported, a showing of continuity of symptomatology after separation is required. Entitlement to service connection based on chronicity or continuity of symptomatology pursuant to 38 C.F.R. § 3.303(b) applies only when the disability for which the Veteran is claiming compensation is due to a disease enumerated on the list of chronic diseases in 38 U.S.C. § 1101(3) or 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). The list of chronic diseases includes hypertension and arthritis. 38 C.F.R. § 3.309(a).
When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the benefit of the doubt shall be given to the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.
(a) Hypertension
STRs include two blood pressure reports that meet the VA hypertension definition. 38 C.F.R. § 4.104, Diagnostic Code 7101, Note 1. See STRs from November 1999 and January 2000. The October 2001 VA examination report include a hypertension diagnosis based upon three blood pressure readings confirming hypertension. November 2013 VA primary care records show that the Veteran continued to be treated for hypertension. He asserts it interferes with his ability to work. See November 2013 TDIU claim. 
These reports are sufficient to show in-service symptoms of chronic disease and a continuity of symptomatology for hypertension beginning in service. 38 C.F.R. §§ 3.303(b), 3.309(a). Entitlement to service connection for hypertension is warranted. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. 
(b) Right wrist disability 
March 1998 STRs showed that the Veteran was treated for chronic right wrist sprain from an injury. X-rays were within normal limits (nl). However, he continued to have numbness and pain with pull-ups. In his November 2013 TDIU claim, the Veteran reported that the right wrist injury residuals interfered with his ability to work. 
For the right wrist, the Veteran is competent to report his current symptoms and occupational impact due to the readily observable nature of this orthopedic disability. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007). The Board finds him generally credible in his reports of residual right wrist pain from the documented in-service injury. The United States Court of Appeals for the Federal Circuit has clarified that pain alone resulting in functional impairment of earning capacity can satisfy the current disability requirement for service connection. Saunders v. Wilkie, 886 F. 3d 1356, 1367-68 (2018). Although the Veteran does not detail his current right wrist disability, his reports from the TDIU claim suggest a current disability is present in light of Saunders. 
In sum, the evidence includes an in-service right wrist injury and reports of current right wrist pain interfering with work. Although the reports of current disability are generalized, the Board resolves reasonable doubt in the Veteran’s favor to find a current disability related to the in-service injury. Id.; Buchanan v. Nicholson, 451 F.3d 1331, 1335 (Fed. Cir. 2006) (lay evidence may be sufficient in and of itself to substantiate a service connection claim). Entitlement to service connection for residuals of right wrist pain is therefore warranted. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.
REASONS FOR REMAND
Left knee DJD with painful motion and left knee DJD with instability. 
The Board finds that updated medical records and a VA examination are needed for these claims. The most recent VA treatment records and VA examination report are from June 2014. 
More recently, the Veteran asserted that his private medical records confirming a work restriction were not considered. See January 2015 substantive appeal. He otherwise generally asserted that the functional impairment from left knee pain poses substantial occupational interference. See November 2013 TDIU claim. In the November 2016 Informal Hearing Presentation, the representative contended that functional impairment from flare-ups was not considered. 
The Board notes that for VA orthopedic examinations range of motion testing must consider both active and passive motion, weight-bearing and non weight-bearing (to the extent possible) and comparison to the opposite undamaged joint, as applicable. Correia v. McDonald, 28 Vet. App. 158, 170 (2016); 38 C.F.R. § 4.59. The examiner must also attempt to estimate motion loss in terms of degrees from pain on use or from flare-ups. Sharp v. Shulkin, 29 Vet. App. 26, 35-36 (2017). Here, the June 2014 VA examination report indicates that the Veteran denied flare-ups. It does not include an assessment of functional impairment from pain on use. 
Given the time lapse, contentions made by the representative and Veteran and updated guidance concerning VA orthopedic examinations, the Board finds updated medical records and a VA knee examination are necessary to adequately rate these disabilities. 
Entitlement to a TDIU 
The Veteran has an occupational history in warehouse labor and reports taking medical leave from work in approximately October 2013 due to his service-connected left knee disability. However, it is unclear whether he returned to work. He otherwise contends that his service-connected left knee disability precludes him from maintaining substantially gainful employment. He has not provided additional information about his work status since October 2013 and an updated report is needed to clarify his employment status. 
If unemployment is shown, the Veteran does not currently meet the TDIU criteria laid out in 38 C.F.R. § 4.16(a) and the Board is precluded from considering TDIU in the first instance pursuant to 4.16(b). Bowling v. Principi, 15 Vet. App. 1 (2001). However, the available reports of occupational interference from his service-connected left knee disability are sufficient to warrant remand of the claim for referral to the Director of Compensation Service for consideration of whether a TDIU is warranted on an extraschedular basis.
These matters are REMANDED for the following action:
1. Obtain VA treatment records from June 2014 and request that the Veteran submit all relevant private medical records since November 2013.
2. Furnish VA Form 21-8940 (Veteran's Application for Increased Compensation Based on Unemployability) to the Veteran and request that he complete and return the form detailing all periods of unemployability since October 2013.
3. Schedule the Veteran for a VA examination to evaluate the current severity of his service-connected left knee disability. All indicated tests and studies shall be conducted. 
The examination should be conducted in accordance with the current disability benefits questionnaire, to include compliance with the Court decisions in Correia and Sharp discussed above.
4. If the Veteran confirms unemployability due to service-connected disabilities and after adjudicating the increased ratings claims and implementing the service connection grants, determine whether the Veteran meets the schedular TDIU criteria. If he does not meet the schedular TDIU criteria, refer the TDIU issue to the Director of Compensation Service the issue of entitlement to a TDIU pursuant to 38 C.F.R. § 4.16(b).

 
Jonathan Hager
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD C. D. Simpson, Counsel